# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:11CR 220 |
| | ) | |
| | ) | BILL OF INFORMATION |
| v. | ) | Violations: |
| | ) | |
| | ) | 18 U.S.C. § 1347 |
| GREGORY BENNY LASSITER, JR. | ) | 18 U.S.C. § 1349 |
| | ) | |

## THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

### Relevant Individuals and Entities

1.  GREGORY BENNY LASSITER, JR., of Charlotte, North Carolina, was the owner of VisionOne Health Services, Inc. ("VisionOne") from August 2007 to the present. VisionOne, a corporation formed under the laws of North Carolina, was enrolled as an Independent Mental Health Practitioner Group with the North Carolina Medical Assistance Program (hereinafter "Medicaid" or "Medicaid Program") from in or about June 2009 to in or about April 2012. As such, VisionOne was authorized to provide outpatient behavioral health services to Medicaid recipients and seek reimbursement for these services from Medicaid.

2.  Dr. M.T. is a psychologist approved by Medicaid to provide outpatient behavioral health services. LASSITER and VisionOne contracted with Dr. M.T. from in or about April 2009 to in or about August 2009 to review certain patient documents. Dr. M.T. did not treat any Medicaid recipients in connection with her services at Vision One, Inc.

3.  Co-conspirator Erika Holland operated several companies in Gastonia, North Carolina, including but not limited to Faithful Shephard's Family Services and New Elevation Family Education Center, Inc. Holland was not licensed to provide any type of mental or

1

behavioral health services. Neither she nor her companies were approved by Medicaid to provide mental or behavioral health services.

4.    The North Carolina Medical Assistance Program (herein referred to as "Medicaid" or "Medicaid Program") is a state-administered program aided by federal funds.

    a.    Medicaid is designed to provide medical assistance for certain low income individuals and families. Covered services include mental and behavioral health services.

    b.    The Division of Medical Assistance, North Carolina Department of Health and Human Services (herein referred to as "DMA"), administers the Medicaid Program and oversees mental health providers throughout the state who receive payments from Medicaid.

    c.    In the Medicaid Program, a "provider" is defined as any individual or entity furnishing Medicaid services under a provider agreement with the Medicaid Agency. Every provider who participates in the Medicaid Program must apply for and be assigned a unique number by DMA. These provider numbers can be used to identify claims filed by and monies paid to a certain provider.

    d.    In addition to assigning provider numbers, Medicaid also assigns recipient identification numbers. Each Medicaid patient (identified herein as "recipient") is assigned a unique identification number by the Medicaid Program. Each recipient can be identified by reference to his or her unique identification number.

5.    Medicaid is a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

2

**Schemes to Defraud**

6.     LASSITER, Holland and others engaged in a scheme to defraud Medicaid by seeking and obtaining payment from Medicaid for claims which were false and fraudulent in one or more of the following respects:

   a.   the claims falsely and fraudulently represented other Medicaid-approved therapists, including Dr. M.T., to be the attending clinician for mental and behavioral health services, when, in fact, those Medicaid-approved therapists did not provide the services;

   b.   the claimed services, if provided at all, were not provided by a licensed therapist who was approved by Medicaid to provide such services; and

   c.   the claimed services were not provided at all.

7.     Even though Dr. M.T. never provided any outpatient behavioral health services at VisionOne or to its clients, and had ended her relationship with VisionOne in August 2009, LASSITER and others falsely listed Dr. M.T. on Medicaid claims as the attending clinician for outpatient behavioral health services allegedly rendered between November 2009 and April 2011. These fraudulent claims falsely listing Dr. M.T. as the provider resulted in payments exceeding $191,000 to LASSITER and VisionOne.

8.     In or about October 2010, LASSITER agreed to allow Holland to use VisionOne's Medicaid provider number in order to submit fraudulent claims to Medicaid. In exchange for renting out VisionOne's Medicaid provider number, LASSITER retained a percentage of the Medicaid reimbursement and paid the remainder to Holland.

3

9.     Holland was not qualified to perform outpatient behavioral health services and did not employ any qualified therapists.  Furthermore, most of the services Holland claimed to have provided through her companies were not provided at all.

10.    From October 2010 to December 2010, LASSITER and others submitted fraudulent claims to Medicaid through VisionOne's provider number for services allegedly provided by Holland and her companies, resulting in total payment from Medicaid in excess of $93,000.  These fraudulent claims falsely listed other licensed clinicians, including Dr. M.T., as the attending clinician.

## COUNT ONE
## 18 U.S.C. § 1349
## (Health Care Fraud Conspiracy)

11.    The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 10 of the Bill of Information, and further alleges that:

12.    From in or about October 2010 through in or about April 2011, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

GREGORY BENNY LASSITER, JR.

knowingly conspired, confederated and agreed with Erika Holland and others known and unknown to the United States to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by and under the custody and control of any health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1349.

5

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of the provisions of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by section 981(a)(1)(C). The defendant has or had a possessory or legal interest in the following property that is subject to forfeiture in accordance with section 982 and/or section 2461(c):

a.     all property involved in the violations alleged in this bill of indictment;

b.     all property which is proceeds of such violations; and,

c.     in the event that any property described in (a) or (b) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant, to the extent of the value of the property described in (a) and (b).

The following property is subject to forfeiture on one or more of the grounds stated above:

a.     All currency and monetary instruments which were received during, involved in or used or intended to be used to facilitate the crimes alleged in this bill of indictment, including but not limited to the sum of approximately $234,787.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

KELLI H. FERRY
ASSISTANT UNITED STATES ATTORNEY

6